# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EUGENIA GAINES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BATH & BODY WORKS, LLC, a Delaware Limited Liability Company; YET UNKONWN EMPLOYEE; DOES I through X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-0612-APG-VCF<br><br>**ORDER GRANTING MOTION TO REMAND CASE TO STATE COURT**<br><br>(ECF NO. 8) |

Defendant Bath & Body Works, LLC (BBW) removed this case to federal court on February 24, 2017. The plaintiff moved to remand the case to state court because the amount in controversy does not meet this court's jurisdictional floor of $75,000. ECF No. 8. The plaintiff alleges that she has incurred medical expenses of $19,381.36, and that her recommended shoulder surgery "appears to result from a preexisting bone spur," rather than from the incident described in her complaint. *Id.* at 2:27-3:4. Because it does not appear that the amount in controversy exceeds $75,000, I remand this case to state court.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Remand is required if the court lacks

subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) ("[R]emand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure.").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "'although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (emphasis omitted) (quoting *Gaus*, 980 F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (internal quotation marks omitted); s*ee also Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt as to BBW's right to remove this case because it appears highly unlikely that the amount in controversy exceeds this court's jurisdictional threshold. The plaintiff alleges that her medical bills are approximately $19,000.00. ECF No. 8 at 2:27. BBW contends that the plaintiff's counsel previously stated the plaintiff needed shoulder surgery, and that he values the case at $150,000 to $200,000. ECF No. 11 at 2. But the plaintiff points out that the shoulder surgery "appears to result from a preexisting bone spur," rather than from the incident described in her complaint. *Id.* at 2:27-3:4. Thus, it does not factor into the amount in controversy in this case. Moreover, the statements made by the plaintiff's counsel during settlement discussions are not, in this case, sufficient to convince me that the amount at issue meets or exceeds $75,000, especially given the low amount of her medical bills.

Based on my judicial, legal, and practical experience and common sense, I find that BBW has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-1062; *Iqbal*, 556 U.S. at 679. Consequently, I must remand this action to state court.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: April 10, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE